# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>Plaintiff, §<br>vs. §<br>§<br>JOE GARZA, JR. a/k/a JOE B. GARZA, §<br>and M&A CAPITAL GROUP, LLC, §<br>Defendants. § | Civil Action No. 3:19-CV-0188-S |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated March 5, 2019 (doc. 10), before the Court is the *United States' Motion for Default Judgment,* filed March 4, 2019 (doc. 9). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On May 13, 2014, M&A Capital Group, LLC (Borrower) executed a promissory note (the Note) securing the borrowed amount of $75,000 at an interest rate of 6.72% with Compass Bank (Lender), and Joe Garza, Jr. a/k/a Joe B. Garza (Guarantor) executed a continuing unlimited guaranty (Guaranty) for the Note the following day. (doc. 1 at 2, 4-9.)[1] The United States Small Business Administration (SBA) guaranteed 50% of the loan under the Small Business Act. (*Id*. at 2, 9.) Borrower and Guarantor (collectively, Defendants) made payments totaling $11,905.15 on the Note, but subsequently failed to continue making the required payments and defaulted on the Note on February 13, 2015. (*Id*.) Due to Defendants' default, "the SBA had to pay the guaranteed 50% and became holder of the Note." (*Id*.)

On September 20, 2016, the SBA sought recovery of the amount owed under the Note

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

through the United States Department of Treasury's Bureau of Fiscal Service, Debt Management Services, but Defendants failed to respond to demand letters for payment. (*Id*. at 9.) On October 12, 2018, the claim was referred to the United States Department of Justice "for litigation and collection." (*Id*.) As of that date, Defendants were indebted to the United States of America (United States) for $101,221.16[2] "with daily interest of $9.97." (*Id*. at 2, 9.)

On January 25, 2019, the United States filed this civil action against Defendants, seeking a judgment in the amount of $101,221.16 for their failure to make the required payments under the Note. (*Id*. at 1-3.) It also requests "prejudgment interest of $9.97 per day after October 12, 2018," and post-judgment interest at the applicable federal rate. (*Id*. at 3.) Summonses were issued for both Defendants on the date this action was filed. (doc. 4.) On February 14, 2019, the United States filed affidavits of service reflecting that both Defendants were served on February 9, 2019. (docs. 5-6.) Defendants failed to answer or respond to the complaint, and the United States sought entry of default, which the Clerk of Court entered on March 4, 2019. (docs. 7-8.)

## II. MOTION FOR DEFAULT JUDGMENT

The United States moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (doc. 9.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R.

---

[2] The total debt is made up of $66,175.54 in principal, $8,206.68 in interest, and $26,838.94 in administrative costs. (doc. 1 at 9.)

2

Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendants have failed to plead or otherwise defend, and the United States has obtained an entry of default on them, the first two requisites for a default judgment have been met. (docs. 5-6, 8.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*,

3

161 F.3d 886, 893 (5th Cir. 1998)).

In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the award is supported by a sufficient factual basis in the plaintiff's live complaint, and whether the specific amount of damages can be determined with "mathematical calculation by reference to information in the pleadings and supporting documents." *Ramsey v. Delray Capital LLC*, No. 3:14-CV-3910-B, 2016 WL 1701966, at *3 (N.D. Tex. Apr. 28, 2016) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**A.        Procedural Requirements**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

The United States seeks a judgment in the amount of $101,221.16 for Defendants' failure to make the required payments under the Note, pre-judgment interest of $9.97 per day after October 12, 2018, and post-judgment interest at the applicable federal rate. (docs. 9 at 1-2; 9-1 at 3; *see* doc.

4

1 at 1-3.) It attached a certificate of indebtedness showing that Defendants were indebted to the United States in the amount of $101,221.16 with daily interest of $9.97 as of October 12, 2018, and a declaration from its attorney (Attorney Declaration) affirming that "no payments or credits have been received or applied to Defendant[s'] account since the execution of the Certificate of Indebtedness . . . ." (doc. 9-1 at 3-6.)[3]

Regarding the first factor, although the requested judgment of $101,221.16 could be considered substantial, that "is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016). Regarding the second factor, there are no material issues of fact in dispute as Defendants have failed to file any responsive pleadings in this case. *See United States v. Aliyu*, No. 3:14-CV-1424-B, 2014 WL 5697966, at *2 (N.D. Tex. Nov. 4, 2014); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although Defendants' default appears to be technical in nature (third factor), the United States is prejudiced and harmed by their continued delay in this case, which is the fourth factor. *See U.S. v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts, given that Defendants have received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893. The seventh, eighth, and ninth factors similarly favor default

---

[3] It also attached a status report from the Department of Defense-Manpower Data Center showing that Guarantor was not in active military service. (doc. 9-1 at 7.)

judgment because Defendants have not offered any evidence that their failure to answer was the product of a good faith mistake or excuse, the United States has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default.

Because Defendants were properly served with the complaint and failed to answer or otherwise defend in this action, the grounds for default judgment are clearly established. (docs. 5-6.) Accordingly, the procedural requirements for a default judgment are satisfied. *See Ramsey*, 2016 WL 1701966, at *3.

**B.     Entitlement to Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id*.

In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*. at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id*. at 498 n.3.

The United States seeks recovery for Defendants' default on the Note. (*See* docs. 1 at 1-3; 9.) In order to recover on the Note, it must establish that (1) Defendants executed the Note; (2) it is the present holder of the Note; and (3) the Note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)); *F.D.I.C. v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992); *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at *1, (S.D. Tex. Nov. 23, 2007).

The United States alleges that Borrower executed the Note, and Guarantor executed the Guaranty. (doc. 1 at 2, 9.) It also alleges that it is the "current owner and holder of the[N]ote," and that the Note is in default. (*Id*.) It attached copies of the executed Note and the Guaranty to its complaint, which secured the borrowed amount of $75,000.00 at an interest rate of 6.72%. (doc. 1 at 4-10.) It attached copies of the certificate of indebtedness to both its complaint and motion for default judgment showing that the Note is in default, and that Defendants are indebted to the United States in the amount of $101,221.16, with interest accruing at rate of $9.97 per day as of October 12, 2018. (docs. 1 at 4-10; 9-1 at 3-4.) It also attached the Attorney Declaration to its motion for default judgment, affirming that no payments have been made since the execution of the certificate of indebtedness. (doc. 9-1 at 5.) The United States' allegations and evidence sufficiently show that Defendants executed the Note, it is the current holder of the Note, and the Note is in default. *See Aliyu*, 2014 WL 5697966, at *2. Because the United States has alleged sufficient facts to meet the

elements in support of its claim, there is a sufficient basis in the pleadings for recovery of the amount it is owed under the Note plus daily interest. *Id.* (finding that the United States was entitled to judgment on a claim to recover amounts due on promissory notes plus daily interest).

## C. **Entitlement to Damages**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). Though damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits, a hearing is unnecessary if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Future World Elecs., LLC v. Over Drive Marketing, LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *3 (N.D. Tex. Nov. 5, 2013) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). The burden is on the plaintiff to provide an evidentiary basis for the damages it seeks. *Broad. Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

The United States seeks to recover $101,221.16 for Defendants' failure to make the required payments under the Note, pre-judgment interest of $9.97 per day after October 12, 2018, and post-judgment interest at the applicable federal rate. (docs. 1 at 1-3.) Its motion seeks recovery of all damages for Defendants' default on the Note, pre-judgment interest, and post-judgment interest. (docs. 9 at 1-2; 9-1 at 3.) It alleges that as of October 12, 2018, Defendants were indebted to it for $101,221.16 due to their failure to make payments on the Note, and it attached to its complaint a copy of a certificate of indebtedness affirming that amount "with daily interest of $9.97" from

8

October 12, 2018. (*See* docs. 1 at 1-3, 9.) It attached the same certificate to its motion for default judgment, as well as the Attorney Declaration affirming that "no payments or credits have been received or applied to Defendant[s'] account since the execution of the [c]ertificate of [i]ndebtedness . . . ." (doc. 9-1 at 3-5.) These documents establish that Defendants are indebted to the United States for $101,221.16, with daily interest of $9.97 beginning October 12, 2018. (*See* docs. 1 at 1-3, 9; 9 at 1-2; 9-1 at 3-5.) A hearing is therefore unnecessary because the amount of damages are "ascertainable from the . . . motion, or the evidence attached thereto, or otherwise capable of mathematical calculation." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *James*, 6 F.3d at 310; *Crawford v. Lee*, 3:10-CV-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011)), *adopted by* 2016 WL 2853565 (N.D. Tex. May 13, 2016).

Because the requested relief does not differ in kind from, or exceed in amount, what is demanded in the pleadings, the only remaining issue is whether the relief requested is appropriate based on the governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009). Based on the United States' complaint, default motion, and attached evidence, it has shown that it is entitled to recover damages in the amount of $101,221.16, plus pre-judgment interest of $9.97 per day from October 12, 2018 until the date of judgment, for Defendants' failure to pay on the Note. *See United States v. Johnson*, No. 3:16-CV-0274-B, 2016 WL 7210884, at *3 (N.D. Tex. Dec. 13, 2016) (awarding the amount owed on promissory notes plus daily prejudgment interest to the United States based on a certificate of indebtedness); *Aliyu*, 2014 WL 5697966, at *4 (same); *see also Jetstream of Houston, L.L.P. v. Cajun Pressure Control, L.L.P.*, No. 15-2559, 2016 WL 3024751, at *4 (W.D. La. Apr. 15, 2016)

(holding that affidavits, copies of contracts, and invoices were enough evidence to show entitlement to damages).[4]

### III. RECOMMENDATION

The United States' motion for default judgment should be **GRANTED**, and it should be awarded $101,221.16 in damages, pre-judgment interest at a rate of $9.97 per day from October 12, 2018 until judgment is entered in this action, and post-judgment interest at the applicable federal rate from the date of judgment until paid in full.

**SO RECOMMENDED** on this 22nd day of August, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] The United States also requests post-judgment interest in both its complaint and motion for default judgment. (docs. 1 at 3; 9 at 2.) "Post-judgment interest is awarded as a matter of course" based on the applicable federal rate under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010) (citing 28 U.S.C. § 1961(a)); *see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in district court."). "[D]istrict courts do not have the discretion to deny post-judgment interest on monetary judgments." *Paisano Capital SA de CV v. 23 Texas Produce, Inc.*, No. 3:19-CV-0852-B, 2019 WL 3239152, at *5 (N.D. Tex. 2019) (citing *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 855 (S.D. Tex. 2017)). Accordingly, the United States should also be awarded post-judgment interest at the applicable federal rate from the date of judgment until it is paid in full. *See Johnson*, 2016 WL 7210884, at *3 (awarding post-judgment interest to the United States on claim to recover promissory note debt).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                     _____
                                                                                       IRMA CARRILLO RAMIREZ
                                                                                       UNITED STATES MAGISTRATE JUDGE